Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the Louisville & Nashville Eail-road Co. against the United States to recover certain land-grant deductions made by the defendant in a settlement with the plaintiff for transportation of certain persons. These deductions were made on the ground that the following classes of persons were troops of the United States within the meaning of the land-grant statutes, and that the plaintiff was obliged to transport these persons at the land-grant rates established and agreed upon by the parties :
(1) National Guard.
(2) Coast Guard.
*157 (8) Members of Enlisted Reserve Corps, United States Army.
(4) Military guards and prisoners.
(5) Naval guards .and prisoners.
(6) Marine Corps guards and prisoners.
(7) Naval Nurse Corps.
(8) Naval Reserve Force.
In the case of Illinois Central Railroad Co. v. United States, No. D-348, decided by this court April 5, 1926, ante, p. 61, it was held that military guards and prisoners and members of the Naval Reserve Force were troops of the United States within the meaning of the land-grant statutes. It must also be held that naval guards and prisoners and Marine Corps guards and prisoners are troops of the United States within the meaning of those statutes.
The Naval Nurse Corps is a part of the regular Naval Establishment, and its members when being transported for the purposes of the Government' must be classified as troops of the United States. (35 Stat. 146.)
Members of the Enlisted Reserve Corps, United States Army, are constituent parts of the Army of the United States (41 Stat. 759). When in active service they possess all the attributes of any other members of the Military Establishment. In Illinois Central Railroad Co. v. United States, supra, we held that members of the Officers’ Reserve Corps were troops of the United States when on active duty. The same reasoning applicable to the Officers’ Reserve Corps applies to the Enlisted Reserve Corps when its members are on active duty, and when on active duty and the transportation required in connection therewith is paid for by the United States the travel is subject to land-grant deductions authorized for troops of the United States.
The National Guard when not in the service of the United States is no part of the Military Establishment of the Government, and are not troops of the United States within the meaning of the land-grant acts, and the plaintiff is therefore entitled to the transportation of these persons free from land-grant deductions.
*158 The same is true of the Coast Guard, which is only a part of the Military Establishment of the Government in time of war.
The plaintiff is therefore entitled to have a judgment for $14,828.88, and it is so ordered.
Graham, Judge; DowNey, Judge; Booth, Judge; and Campbell, Qhief Justice, concur.